TIMOTHY J. YOO (State Bar No. 155531)
MICHAEL G. D'ALBA (State Bar No. 264403)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: tjy@lnbyg.com; mgd@lnbyg.com

Attorneys for Plaintiff Sandra K. McBeth,
Chapter 7 Trustee for Estate of Live Oak Rentals, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>MAKAT INVESTMENTS, LLC,<br><br>Debtor. | Case No. 9:24-bk-10319-RC<br><br>Chapter 12<br><br>Adv. Case No.: |
| SANDRA K. McBETH, Chapter 7 Trustee for the Estate of Live Oak Rentals, LLC,<br>Plaintiff,<br>v.<br><br>MAKAT INVESTMENTS, LLC,<br>Defendant. | **COMPLAINT TO:**<br>**(1) AVOID TRANSFER;**<br>**(2) RECOVER AVOIDED TRANSFER;**<br>**(3) OBTAIN TURNOVER; AND**<br>**(4) OBTAIN ACCOUNTING**<br><br>**[11 U.S.C. §§ 108, 542, 544, and 550]**<br><br>Date: [TO BE SET BY SUMMONS]<br>Time:<br>Place: Courtroom 201<br>1415 State Street<br>Santa Barbara, CA 93101 |

Plaintiff Sandra K. McBeth, the chapter 7 trustee (the "Plaintiff") for the bankruptcy estate in *In re Live Oak Rentals, LLC* avers and complains by way of this Complaint as follows:

**REQUIRED PLEADING DISCLOSURE**

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, Plaintiff hereby alleges that the claims for relief in this complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O) and are related to the bankruptcy case of *In re Makat Investments, LLC* (the "Debtor") because the outcome of such claims for relief could have a significant effect on the estate of the Debtor as each such claim for relief will impact property of the estate and the amount of money available for distribution to the Debtor's creditors. Regardless of the core or non-core nature of the claims for relief asserted herein, Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. The Debtor is the defendant in the above-entitled adversary proceeding and is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008 and 7012(b) require the Debtor to plead whether each claim for relief asserted against the Debtor is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This adversary proceeding is brought pursuant to Rule 7001, et seq. of the FRBP and 11 U.S.C. §§ 108, 542, 544, and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with *In re Makat Investments, LLC*, a chapter 12

bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Northern Division as Case No. 9:24-bk-10319-RC.

5. Plaintiff consents to entry of final orders or judgments by the bankruptcy court.

## PARTIES

6. On March 26, 2024 (the "Petition Date"), the Debtor filed a Voluntary Petition under chapter 12 of the Bankruptcy Code.

7. The Debtor was a limited liability company organized under Oregon law.

8. On September 23, 2024, Live Oak Rentals, LLC ("Live Oak") filed a Voluntary Petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Central District of California, Northern Division, commencing a case designated case no. 9:24-bk-11076-RC. Plaintiff was thereafter appointed as the Chapter 7 Trustee of Live Oak's estate. Live Oak was a limited liability company organized under Oregon law.

9. Plaintiff did not exist until after the Petition Date because Live Oak commenced its case after the Petition Date such that the estate of Live Oak was not created and did not have Plaintiff as its representative until after the Petition Date.

10. The causes of action that Plaintiff asserts in this adversary proceeding did not exist until after the Petition Date because they are causes of action that the Bankruptcy Code provides to a trustee serving in a chapter 7 case, and the chapter 7 case in which Plaintiff serves as trustee was not commenced until after the Petition Date.

## GENERAL ALLEGATIONS

11. Plaintiff is informed and believes and based thereon alleges that prior to the Petition Date, on or about March 29, 2021, Live Oak acquired the real property located at 859 California Boulevard, San Luis Obispo, California (the "Property") via a Grant Deed recorded in the San Luis Obispo County Recorder's Office as Inst. No. 2021023549.

12. Plaintiff is informed and believes and based thereon alleges that on or about July 18, 2022, Live Oak transferred the Property to the Debtor via a Grant Deed recorded in the San Luis Obispo County Recorder's Office as Inst. No. 2022029243 (the "Transfer").

13. Plaintiff is informed and believes and based thereon alleges that the Debtor provided no consideration to Live Oak in exchange for the Transfer.

14. Plaintiff is informed and believes and based thereon alleges that Alfred Nevis, the person who implemented the Transfer, had no authority to do so.

15. Plaintiff is informed and believes and based thereon alleges that Alfred Nevis, prior to the Transfer, had been involved in the management of the Property for Live Oak.

16. Plaintiff is informed and believes and based thereon alleges that Alfred Nevis was able to control the affairs of Live Oak such that Alfred Nevis qualifies as a person in control of Live Oak and is thus an "insider" of Live Oak under the Bankruptcy Code and other applicable law.

17. Plaintiff is informed and believes and based thereon alleges that shortly before the Transfer the United States of America had indicted and arrested Alfred Nevis for economic crimes and that a motion to revoke his pretrial release had been filed (the "Criminal Case").

18. Plaintiff is informed and believes and based thereon alleges that around the time of the Transfer Alfred Nevis was subject to a multi-million dollar civil judgment, had posted a "for sale" sign at the Property, was considering relocating from the United States of America, and was contemplating the purchase of real estate in Spain and Portugal.

19. Plaintiff is informed and believes and based thereon alleges that Alfred Nevis was convicted in the Criminal Case and is subject to an order of monetary restitution.

20. The online records of the Oregon Secretary of State for the Debtor state that it was registered on June 29, 2022 and that "Al" Nevis is a member of the Debtor. No other members of the Debtor are identified in such online record.

21. After the Transfer, Live Oak commenced an action (22CV-0429) in the San Luis Obispo County Superior Court (the "State Court Action") against the Debtor to, among other things, quiet title to the Property but such action was stayed by the filing of the Debtor's bankruptcy case.

22. On August 18, 2022, Live Oak recorded a notice of pending action as to its claims regarding the Property in the State Court action in the San Luis Obispo County Recorder's Office as instrument no. 2022033446.

23. The Debtor's Statement of Financial Affairs filed on or about April 9, 2024 identifies Alfred Nevis and Alec Nevis as the persons in control of the Debtor as of the Petition Date.

24. Plaintiff is informed and believes and based thereon alleges that there was a creditor in existence at the time of the Transfer that holds an allowable unsecured claim against Live Oak.

## FIRST CLAIM FOR RELIEF

(Avoidance and Recovery of Voidable Transfer Pursuant to
11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(1) and 3439.07)

(Against the Debtor)

25. Plaintiff realleges each and every allegation contained in paragraphs 1 through 24, inclusive, of this Complaint as if set forth fully herein.

26. Plaintiff is informed and believes and based thereon alleges that the Transfer was made with the actual intent to hinder, delay, or defraud any creditor of Live Oak.

27. Plaintiff is informed and believes and based thereon alleges that the following factors with respect to the Transfer show the actual intent of Live Oak:

a. Live Oak received less than reasonably equivalent consideration for the Transfer as the Transfer was made for no consideration.

b. Live Oak was insolvent or became insolvent shortly after the Transfer was made in that the sum of Live Oak's debts exceeded all of Live Oak's non-exempt assets.

c. The Transfer was to an insider of Live Oak because Alfred Nevis was a person in control of Live Oak and the Debtor.

d. There was no meaningful legal distinction between Live Oak and Alfred Nevis such that in making the Transfer of Live Oak's assets he intended to hide valuable property for future use after the conclusion of the Criminal Case and any custodial sentence he might have to serve.

28. The Transfer constitutes a voidable transfer under California Civil Code §3439.04(a)(1), and is therefore avoidable by Plaintiff pursuant to 11 U.S.C. 544(b).

**SECOND CLAIM FOR RELIEF**

(Avoidance and Recovery of Voidable Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(2) and 3439.07)

(Against the Debtor)

29. Plaintiff realleges each and every allegation contained in paragraphs 1 through 24, inclusive, of this Complaint as if set forth fully herein.

30. Plaintiff is informed and believes and based thereon alleges that Live Oak made the Transfer to the Debtor without receiving a reasonably equivalent value in exchange for the Transfer as the Transfer was made for no consideration.

31. Plaintiff is informed and believes and based thereon alleges that at the time Live Oak made the Transfer, Live Oak was engaged or was about to engage in a business or a transaction for which the remaining assets of Live Oak were unreasonably small in relation to the business or transaction.

32. Plaintiff is informed and believes and based thereon alleges that at the time Live Oak made the Transfer, Live Oak intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

33. The Transfer constitutes a voidable transfer under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, is avoidable by Plaintiff.

## THIRD CLAIM FOR RELIEF

(Avoidance and Recovery of Voidable Transfer Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.05 and 3439.07)

(Against the Debtor)

34. Plaintiff realleges each and every allegation contained in paragraphs 1 through 24, inclusive, of this Complaint as if set forth fully herein.

35. Plaintiff is informed and believes and based thereon alleges that Live Oak made the Transfer to the Debtor without receiving a reasonably equivalent value in exchange for the Transfer as the Transfer was made for no consideration.

36. Plaintiff is informed and believes and based thereon alleges that Live Oak was insolvent at the time of the Transfer or became insolvent as a result of the Transfer in that the sum of Live Oak's debts exceeded all of the Live Oak's nonexempt assets.

37. The Transfer constitutes a voidable transfer under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, is avoidable by Plaintiff.

**FOURTH CLAIM FOR RELIEF**

(Recovery and Preservation of Avoided Transfer - 11 U.S.C. §§ 550 and 551)

(Against the Debtor)

38. Plaintiff realleges each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint as if set forth fully herein.

39. Plaintiff is informed and believes and based thereon alleges the Debtor was the initial transferee of the Transfer, or that it was the entity for whose benefit the Transfer was made.

40. Upon avoidance of the Transfer, Plaintiff is entitled to recover from the Debtor the property that was transferred for the benefit of Live Oak's estate pursuant to 11 U.S.C. § 550 and preserve the avoided transfer pursuant to 11 U.S.C. § 551.

**FIFTH CLAIM FOR RELIEF**

(Turnover of Property - 11 U.S.C. § 542(a))

(Against the Debtor)

41. Plaintiff realleges each and every allegation contained in paragraphs 1 through 40, inclusive, of this Complaint as if set forth fully herein.

42. Upon avoidance of the Transfer, the Property constitutes property of the estate of Live Oak pursuant to 11 U.S.C. § 541.

43. Plaintiff is informed and believes and based thereon alleges that the Debtor is in possession or control of the Property.

44. The Property should be turned over to Plaintiff pursuant to 11 U.S.C. § 542(a) so it can be marketed and sold for the benefit of Live Oak's creditors.

**SIXTH CLAIM FOR RELIEF**

(For an Accounting)

(Against the Debtor)

45. Plaintiff realleges each and every allegation contained in paragraphs 1 through 44, inclusive, of this Complaint as if set forth fully herein.

46. Plaintiff is informed and believes and based thereon alleges that the improvements to the Property include a triplex.

47. Plaintiff is informed and believes and based thereon alleges that the Debtor collected rents from the tenants at the Property for a period of time after the Transfer.

48. Upon avoidance of the Transfer, the Property constitutes property of the estate pursuant to 11 U.S.C. § 541.

49. Plaintiff is informed and believes and based thereon alleges that the Debtor, at the direction of Alfred Nevis, collected rents for the Property after the Transfer but failed to turn such rents over to Live Oak.

50. Plaintiff is informed and believes and based thereon alleges that the property of the estate of Live Oak includes Live Oak's causes of action against the Debtor to account for the rents that the Debtor collected but failed to turn over to Live Oak.

51. Plaintiff is entitled to an accounting from the Debtor of the rents that the Debtor has obtained from tenants occupying the residences located on the Property and failed to turn over to Live Oak or its estate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A. For a judgment against the Debtor avoiding the Transfer and recovering and preserving the Transfer for the benefit of Live Oak's bankruptcy estate;

B. For a judgment compelling the Debtor to turn over the Property to Plaintiff pursuant to 11 U.S.C. § 542(a);

C. For a finding that the Debtor is obligated under law to account to Plaintiff for any rents that the Debtor has collected from tenants of the residences located at the Property;

D. For a judgment compelling the Debtor to account as to the residences located on the Property and to turn over to Plaintiff all of the rents that the Debtor has collected from the tenants at the residences;

E. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

F. For such other and further relief as the Court deems just and proper.

DATED: November 25, 2024

LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK L.L.P.

By: *[/s/ Michael G. D'Alba]*
TIMOTHY J. YOO
MICHAEL G. D'ALBA
Attorneys for Plaintiff Sandra K. McBeth,
Chapter 7 Trustee